IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| HOSSEIN EJTEMAI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERTO F. DENNIS, )<br>)<br>Defendant. )<br>_____) | Case No. CBD 04-2859 |

**MEMORANDUM OPINION DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Hossein Ejtemai ("Plaintiff"), filed this breach of contract action against Defendant Roberto F. Dennis ("Defendant"). Plaintiff alleges that Defendant breached a contract for the sale of real property located at 1636 17th Street, N.W., Washington, D.C.

Now before this Court are Defendant's Motion for Summary Judgment ("Defendant's Motion")(Docket Item No. 30) and Plaintiff's opposition thereto ("Plaintiff's Opposition")(Docket Item No. 32). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby DENIES Defendant's Motion.

**I. STANDARD OF REVIEW**

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986);



Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Kitchen v. Upshaw, 286 F.3d 179, 182 (4th Cir. 2002). Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "The disputed facts must be material to an issue necessary for the proper resolution of the case." Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249-50. (citations omitted).

2

## II. BACKGROUND

Plaintiff alleges that Defendant breached a contract when he failed to convey property located at 1636 17th Street, N.W., Washington, D.C. (the "Property"), to Plaintiff in exchange for $880,000 on or before July 22, 2004. Plaintiff's Complaint at ¶ 2, 3, 11-13.[1] Plaintiff and Defendant entered into a Real Estate Purchase Agreement ("Agreement") on April 9, 2004. Id. at ¶ 1. In the Agreement, Defendant promised to convey the Property to Plaintiff on or before June 15, 2004 in exchange for $880,000. Id. at ¶ 3. At the signing of the Agreement, Plaintiff paid $50,000 earnest money to the real estate agent for deposit in an escrow account. Id. at ¶ 4-5.

On June 10, 2004, Plaintiff and Defendant executed an Addendum to the Agreement where Defendant agreed to extend the settlement deadline to July 7, 2004 in exchange for an additional sum of $50,000 towards the purchase price to be paid directly to Defendant. Id. at 7-9. The Addendum stated that the additional $50,000 was not refundable and that "'in the event of extenuating circumstances,' the parties could have a single extension of 15 days, up to and including July 22, 2004" to settle. Id. at 11. In accordance with the Addendum, Plaintiff paid Defendant an additional $50,000 down payment. Id. at ¶ 8.

Plaintiff contends that he is entitled to (1) specific performance, that Defendant convey the property to Plaintiff, or (2) $100,000 restitution and damages. Id. at ¶ 35-37.

---

[1] Plaintiff did not file a verified complaint in this case. The Court has cited the factual statements set forth in Plaintiff's complaint to provide background information only and has not relied upon the facts set forth in Plaintiff's complaint in reaching its ruling. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(stating that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.")(emphasis in original).

## III. DISCUSSION

A.  **Failure to Join an Indispensable Party is not Grounds for Summary Judgment.**

Defendant argues that his wife, Mauleny Giron-Dennis, is an indispensable party pursuant to Fed. R. Civ. P. 19 because she was party to the Agreement and has an interest in the Property that would survive an order of specific performance. Defendant's Motion at 3. Defendant argues that this Court should grant his motion for summary judgment because Ms. Giron-Dennis is an indispensable party and the deadline for the joinder of additional parties and the amendment of pleadings was November 19, 2004. Id. The Fourth Circuit has held that when a plaintiff fails to join an indispensable party, "the plaintiff is given the choice of amending its' complaint to name the 'indispensable' second defendant or suffering dismissal of the complaint." Stanley v. Darlington County Sch. Dist., 84 F.3d 707, 714 (4th Cir. 1996)(citations omitted). Thus, summary judgment would be inappropriate, even if the Court finds that Ms. Giron-Dennis is an indispensable party.

B.  **On this Record, the Court Cannot Determine Whether Ms. Giron-Dennis is an Indispensable Party Pursuant to Fed. R. Civ. P. 19.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states. In diversity cases, procedural issues are governed by federal law. Thus, federal law applies to the question of joinder raised in Defendant's Motion. See Travelers Ins. Co. v. Riggs, 671 F.2d 810, 813 (4th Cir. 1982)(citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22 (1968)). Courts must apply a two-step inquiry to determine whether a party should be joined in an action pursuant to Fed. R. Civ. P. 19. Nat. Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C.,

4

Inc., 210 F.3d 246, 249 (4th Cir. 2000).

> First, the district court must determine whether the party is 'necessary' to the action under rule 19(a). If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b).

Id. Here, the Court cannot engage in the two-step inquiry because Defendant has failed to submit record evidence to the Court.

To support his contention that Ms. Giron-Dennis is an indispensable party, Defendant argues that Defendant's Exhibit A shows that Ms. Giron-Dennis was party to the Agreement.[2] Defendant's Motion at 2; Defendant's Exhibit A. Defendant alludes that Defendant's Exhibit A is one page of the Agreement, but failed to introduce an affidavit authenticating the document. See Fed. R. Civ. P. 56(e). Defendant's Exhibit A is neither sworn nor certified. Id. Merely attaching a purported page of the Agreement does not make it record evidence. Thus, Defendant's Exhibit A is not record evidence and the Court will not rely upon it.

Defendant also argues that Ms. Giron-Dennis is an indispensable party because she has an interest in the property that would survive an order of specific performance. Defendant's Motion at 3. However, Defendant has not submitted any record evidence, such as a certified copy of the deed to the Property, a land sale contract or an affidavit by Ms. Giron-Dennis, to support his contention that Ms. Giron-Dennis has an interest in the Property. Therefore, the Court cannot conclude that Ms. Giron-Dennis has any interest in the Property.

To the contrary, Plaintiff argues that Ms. Giron-Dennis was not party to the Agreement. To support this contention, Plaintiff submitted two exhibits with Plaintiff's Opposition. Plaintiff

---

[2] Defendant referred to this document as "Attached A" in Defendant's Motion. The Court has renamed this document "Defendant's Exhibit A."

purports that Plaintiff's Exhibit A is the first page of the Agreement. Plaintiff contends that Plaintiff's Exhibit B is the Addendum to the Agreement. Plaintiff filed an affidavit by Andrew Stuart, attorney for Plaintiff, attesting to the documents' authenticity. Plaintiff asserts that the first page of the Agreement shows that Ms. Giron-Dennis was not party to the Agreement because only Defendant's name appears on the line that says "seller." Plaintiff's Opposition at 2; Plaintiff's Exhibit A. Plaintiff asserts that the fact that Ms. Giron-Dennis' name does not appear on the Addendum tends to show she was not party to the original Agreement or the Addendum. Plaintiff's Opposition at 2; Plaintiff's Exhibit B. Even though Plaintiff filed an affidavit attesting to the authenticity of the documents, the Court will not rely upon the portion of the Agreement that Plaintiff submitted because Plaintiff has not submitted the Agreement in its' entirety.

Both Plaintiff and Defendant have submitted documents of legal import to the Court in a piecemeal manner. Neither Defendant nor Plaintiff attempted to submit the entire Agreement as an exhibit. The Court will not rule on the rights and responsibilities formed by the Agreement and Addendum without viewing the documents in their entirety. Thus, the court cannot determine whether Ms. Giron-Dennis is an indispensable party pursuant to Fed. R. Civ. P. 19 based on the record before it.

## IV. CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is DENIED.

/s/ *[signature]*
Charles B. Day
United States Magistrate Judge

August 4, 2005

CBD:elj